UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

G.A., MINOR CHILD, BY AND THROUGH
FATHER AND NEXT FRIEND, DANIEL
ARNOLD, AND MOTHER AND NEXT FRIEND,
JESSICA ARNOLD                                                 PLAINTIFF

vs.                                                     Civil No. 1:23-cv-0068-GHD-DAS

COUNTY OF LEE, MISSISSIPPI; et al.                             DEFENDANTS

## MEMORANDUM OPINION

Presently before the Court in this Section 1983 action is the Defendants Lee County and Director Steven Griggs' unopposed motion to dismiss [27]. Upon due consideration, and for the reasons set forth below, the Court finds the motion should be granted and the Plaintiff's claims against these Defendants dismissed.

### Background

The Plaintiff, a female minor, alleges in her Amended Complaint that she was sexually assaulted and raped by two other female minors while incarcerated at the Tupelo Juvenile Detention Center in April of 2022 [23, at p. 4]. She asserts claims under 42 U.S.C. §1983 for, *inter alia*, conspiracy, and under state law for, *inter alia*, intentional infliction of emotional distress and assault and battery [23]. Named as Defendants are the moving Defendants – Lee County and Director Steven Griggs – and non-moving Defendants H.R. and D.P., both of whom are female minors.

The Defendants Lee County and Director Steven Griggs now move to dismiss the Plaintiff's claims against them pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure [27]. The Plaintiff has not opposed the Defendants' motion.

## Standard of Review

When deciding a Rule 12(b)(6) motion to dismiss, the Court is limited to the allegations set forth in the complaint and any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 F. App'x 215, 216–17 (5th Cir. 2014) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). "[A plaintiff's] complaint therefore 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)).

A claim is facially plausible when the pleaded factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *Webb v. Morella*, 522 F. App'x 238, 241 (5th Cir. 2013) (quoting *City of Clinton, Ark. v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152–53 (5th Cir. 2010) (internal quotation marks omitted)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Id.* (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). "Dismissal is appropriate when the plaintiff has not alleged 'enough facts to state a claim to relief that is plausible on its face' and has failed to 'raise a right to relief above the speculative level.'" *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (quoting *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955).

## Discussion and Analysis

In her Complaint, the Plaintiff alleges that the Defendants conspired to deprive her of her constitutional rights, refused or neglected to prevent the alleged sexual assault, were deliberately indifferent to the consequences of their actions or inactions, and inflicted emotional distress upon her [23]. For the reasons stated below, the Plaintiff's claims as to the moving Defendants fail to state a plausible claim for relief and shall therefore be dismissed.

As for Lee County, under *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658, 694 (1978) and its progeny, a municipality or local government unit may only be held liable under 42 U.S.C. § 1983 for violating a citizen's constitutional rights if "the governmental body itself 'subjects' [that] person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51 (2011). Governmental entities are "responsible only for [their] own illegal acts" and are "not vicariously liable under § 1983 for [their] employees' actions." *Id.* Thus, there is no respondeat superior liability under § 1983; rather, the key to municipal liability is demonstrating that a deprivation of a constitutional right was inflicted pursuant to an official policy or custom of the municipality in question. *Monell*, 436 U.S. at 694. The alleged unconstitutional conduct asserted "must be directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001).

To establish constitutional liability under *Monell*, a plaintiff must therefore demonstrate (1) an official policy or custom, of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom. *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247-

3

249 (5th Cir. 2003). A "policy or custom" can be either (1) a policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or (2) a persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy. *McGregory v. City of Jackson*, 335 Fed. App'x 446, 448-449 (5th Cir. 2009); *Crawford v. Desoto Cty. Sheriff's Dep't*, No. 3:19CV013-MPM-RP, 2020 WL 55611, at *5 (N.D. Miss. Jan. 6, 2020). Further, "[t]he description of a policy or custom and its relationship to the underlying constitutional violation[s], moreover, cannot be conclusory; it must contain specific facts." *Spiller v. City of Tex. City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997).

In the case *sub judice*, the Court finds that the Plaintiff's Complaint, even after accepting all well-pled facts as true and drawing all reasonable inferences in the Plaintiff's favor, fails to allege any facts supporting a cause of action based on an official policy or custom. Instead, the Plaintiff makes wholly conclusory statements, such as that the Defendants "had in place written or unwritten policies, practice, and/or customs which encouraged, enabled and/or allowed the county's deputies/employees to act with deliberate indifference to the constitutional rights of individuals," without any reference whatsoever to any policy or custom [23, at p. 8]. This sort of generalized, nonspecific allegation is insufficient to permit municipal or local governmental unit liability. *Spiller*, 130 F.3d at 167; see *Martinez v. Corrections Corp. of Am.*, No. 3:16-CV-289-GHD-RP, 2018 WL 813587, at *3 (N.D. Miss. Feb. 9, 2018) (holding that complaint was insufficient where no reference to specific policy or widespread practice was pled). Therefore, given that the

4

Plaintiff's conclusory allegations provide no indication as to any policy or custom that was the moving force behind the alleged violation of her constitutional rights, the Plaintiff's claims against Lee County are dismissed.

The Plaintiff's allegations against Director Griggs are likewise deficient. As for her conspiracy claim, the Plaintiff simply alleges that the Defendants engaged in a "concerted unlawful and malicious conspiracy" to deprive her of her constitutional rights [23, at p. 8]. She provides no further details beyond this conclusory allegation. "To establish a conspiracy claim under § 1983, the plaintiff must show that there was an agreement among the alleged co-conspirators to deprive [the plaintiff] of [her] constitutional rights and that such an alleged deprivation actually occurred." *Montgomery v. Walton*, 759 Fed. App'x 312, 314 (5th Cir. 2019). "Conclusory allegations that do not reference specific factual allegations tending to show an agreement do not suffice to state a civil rights conspiracy claim under § 1983." *Id.* Here, the Plaintiff's allegations, even taken in the light most favorable to the Plaintiff, do not suffice to permit liability for conspiracy under § 1983. *Montgomery*, 759 Fed. App'x at 314; see *Gatson v. Winston Cty., Miss.*, No. 1:12-CV-240-GHD-DAS, 2014 WL 585810, at *17 (N.D. Miss. Feb. 14, 2014) (holding that "Plaintiffs' vague allegations of a conspiracy . . . are not sufficient to make out a § 1983 conspiracy claim . . . A plaintiff must allege specific facts to show an agreement."). Accordingly, the Plaintiff's claim for conspiracy shall be dismissed against the moving Defendants.

As for the Plaintiff's claim for "Refusing or Neglecting to Prevent" constitutional violations, the Plaintiff has likewise failed to adequately plead sufficient facts to permit the claim to proceed. To the extent that this claim seeks to impose liability upon the moving

5

Defendants for failure to supervise or train, the Plaintiff must plead facts that demonstrate deliberate indifference. *Estate of Davis ex rel. McCully v. Cit of North Richland Hills*, 406 F.3d 375, 381 (5th Cir. 2005). Deliberate indifference "is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Board of County Comm'rs of Cryan County v. Brown*, 520 U.S. 397, 410 (1997). Further, the Plaintiff must "demonstrate a pattern of violations and that the inadequacy of the training is obvious and obviously likely to result in a constitutional violation." *Martinez*, 2018 WL 813587, at *3 (quoting *Cousin v. Small*, 325 F.3d 627, 637 (5th Cir. 2003)). Here, the Plaintiff's Complaint falls far short of this requirement – she has not pled any facts that can show deliberate indifference and has not pled facts demonstrating any pattern of violations by the moving Defendants. Accordingly, this claim is dismissed against the moving Defendants.

The Plaintiff's remaining claims against the moving Defendants, all of which arise under state law, are barred by the plain language of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-1, *et seq.* ("MTCA"). The MTCA, which provides the avenue for recovery against a governmental entity and its employees for claims brought under state law, waives sovereign immunity for certain claims, but provides several exceptions. One of those exceptions is pertinent here. Specifically, Section 11-46-9(1)(m) of the MTCA provides:

> A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> (m) Of any claimant who at the time the claim arises is an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution, regardless of whether such claimant is or is not an inmate of any detention center, jail, workhouse, penal farm, penitentiary or other such institution when the claim is filed . . . .

6

Miss. Code Ann. § 11-46-9(1)(m).

The Mississippi Supreme Court has made clear that there are no exceptions to this provision. *Love v. Sunflower Cty. Sheriff's Dep't*, 860 So. 2d 797, 801-802 (Miss. 2003); *Liggans v. Coahoma Cty. Sheriff's Dep't*, 823 So. 2d 1152 (Miss. 2002). In the case *sub judice*, the Plaintiff has not averred that Director Griggs (or any other County employee) was acting outside the course and scope of his employment or duties. Accordingly, the moving Defendants are immune from suit regarding the Plaintiff's state law claims. Those claims, insofar as the claims are asserted against the moving Defendants, shall therefore be dismissed.

In sum, the Plaintiff's claims against the moving Defendants do not contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, and therefore shall be dismissed. *Ashcroft*, 556 U.S. at 678 (2009).

### Conclusion

For these reasons, the Court finds that the Defendants Lee County and Steven Griggs' motion to dismiss shall be granted and the Plaintiff's claims against these Defendants dismissed. This ruling does not impact the Plaintiff's remaining claims against the remaining Defendants.

An order in accordance with this opinion shall issue this day.

THIS, the 15th day of July, 2024.

_____
SENIOR U.S. DISTRICT JUDGE