UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

G.A., MINOR CHILD, BY AND THROUGH
FATHER AND NEXT FRIEND, DANIEL
ARNOLD, AND MOTHER AND NEXT FRIEND,
JESSICA ARNOLD                                                                                  PLAINTIFF

vs.                                                                     Civil No. 1:23-cv-0068-GHD-DAS

COUNTY OF LEE, MISSISSIPPI; et al.                                                          DEFENDANTS

### ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT AGAINST DEFENDANTS H.R. AND D.P.

Presently before the Court are the Plaintiff's motions for default judgment against the Defendants H.R. and D.P., both of whom are minor females [51, 53]. Upon due consideration, the Court finds that the motions should be denied, as noted herein, and a guardian *ad litem* appointed to represent each of the minor female Defendants.

On December 21, 2023, the Plaintiff filed her Amended Complaint against the Defendants, asserting claims pursuant to 42 U.S.C. § 1983 and state law, alleging that the Defendants sexually assaulted and raped her while incarcerated at the Tupelo Juvenile Detention Center [23]. On January 27, 2024, Defendant H.R. was properly served with process, but has failed to plead or otherwise defend this action [38]; on April 4, 2024, the Defendant D.P. was properly served with process, but has failed to plead or otherwise defend this action [42]. On May 24, 2024, the Clerk of Court entered separate Entries of Default against the Defendants H.R. and D.P. [47, 48]. The Plaintiff has now filed the present Motions for Default Judgment, to which the Defendants H.R. and D.P. have failed to respond.

Rule 55 of the Federal Rules of Civil Procedure sets forth the conditions upon which default may be entered against a party, as well as the procedure to seek the entry of default judgment. Fed.

R. Civ. P. 55. "The Fifth Circuit requires a three-step process for securing a default judgment." *Chevron Intell. Prop., L.L.C. v. Mashiana,* No. 4:10–CV–352, 2011 WL 2637372, at *1 (E.D. Tex. June 10, 2011) (citing *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 141 (5th Cir.1996)). A default occurs when the defendant fails to plead or otherwise respond to the complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. *Id.* (citing Fed. R. Civ. P. 55(a); *New York Life Ins.,* 84 F.3d at 141). The clerk may then enter an entry of default when default is established by affidavit. *Id.* (*citing* Fed. R. Civ. P. 55(a); *New York Life Ins.,* 84 F.3d at 141). After an entry of default, the plaintiff may seek a default judgment. *Id.* (*citing* Fed. R. Civ. P. 55(b)).

Here, the Plaintiff has moved for a default judgment against the two minor female Defendants. Under Rule 55(b)(2) of the Federal Rules of Civil Procedure, however: "[a] default judgment may be entered against a minor or incompetent person only if represented by a general guardian, conservator, or other like fiduciary who has appeared." Fed. R. Civ. P. 55(b)(2). Thus, before a default judgment may be entered against H.R. and D.P., they must each be represented by a fiduciary who has made an appearance in the lawsuit.

The Plaintiff successfully effected service of process on the minor Defendants' mothers – H.R.'s mother is Rhonda Randle Young and D.P.'s mother is Shumbie Colbert Harvey. Under Rule 55 (b)(2), as noted above, before a default judgment can be entered against either minor Defendant, the Court must determine whether an appearance has been made on their behalf. The United States Court of Appeals for the Fifth Circuit has taken "an expansive view as to what constitutes an appearance under Rule 55(b)(2)." *Rogers v. Hartford Life and Acc. Ins. Co.*, 167 F.3d 933, 936 (5th Cir. 1999). Thus, while an appearance under Rule 55(b) does not require that the party file responsive papers or otherwise plead, there must be some action by the party that

2

gives a "clear indication that [she] intends to pursue a defense and [it] must 'be responsive to the plaintiff's formal Court action.'" *Id.* at 936-97 (quoting *Baez v. S.S. Kresge Co.*, 518 F.2d 349, 350 (5th Cir. 1975)).

In the case *sub judice*, there is no evidence that either Rhonda Randle Young or Shumbie Colbert Harvey has taken any action to defend this lawsuit on either minor Defendant's' behalf. As such, the Court finds that no appearance has been made by either H.R. or D.P's parent/representative and, therefore, a default judgment cannot be entered against either of them at this time. *See* FED. R. CIV. P. 55(b)(2). Accordingly, the Court finds that the Plaintiff's Motions for Default Judgment must be denied.

The Court additionally finds that some action must be taken in order to have this lawsuit proceed. It is clear that neither Rhonda Randle Young nor Shumbie Colbert Harvey have taken any action to respond to the Plaintiff's Complaint, and thereby have failed to protect the minor Defendants' interests in this matter. Given the significant interests and potential damages involved in this case, the Court finds that it must exercise its authority to appoint a guardian *ad litem* to represent each of the minor Defendants' interests in this matter. *See* FED. R. CIV. P. 17(c). As explained by the Fifth Circuit:

> Rule 17(c) does not make the appointment of a guardian ad litem mandatory. If the court feels that the [minor's] interests are otherwise adequately represented and protected, a guardian ad litem need not be appointed. But the rule does not mean that a trial judge may ignore or overlook such a fundamental requirement for the protection of [minors]. We spell out the rule to mean: (1) as a matter of proper procedure, the court should usually appoint a guardian ad litem; (2) but the Court may, after weighing all the circumstances, issue such order as will protect the minor ... in lieu of appointment of a guardian ad litem; (3) and may even decide that such appointment is unnecessary, though only after the Court has considered the matter and made a judicial determination that the [minor] is protected without a guardian.

*Adelman on Behalf of Adelman v. Graves*, 747 F.2d 986, 989 (5th Cir. 1984) (citations omitted).

Accordingly, the Court finds that a guardian *ad litem* must be appointed on behalf of each of the minor Defendants in order to protect each minor's interest in this matter and to permit this matter to proceed.

THEREFORE, it is hereby ORDERED that the Plaintiff's Motions for Default Judgment against the Defendants H.R. and D.P. [51, 53] are DENIED. It is further ORDERED that a guardian *ad litem* shall be appointed to represent the interests of the minor Defendant H.R. in this matter AND a separate guardian *ad litem* shall be appointed to represent the interests of the minor Defendant D.P. in this matter. The appointments shall take place via further order of the Court.

SO ORDERED, this, 12th day of August, 2024.

SENIOR U.S. DISTRICT JUDGE